UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


<u>Emilio Encarnacion</u>

     v.                                Civil No. 05-cv-291-JD

<u>United States of America</u>


O R D E R


    Emilio Encarnacion, proceeding pro se and in forma pauperis, has filed a "Writ of Error Audita Querela" under the All Writs Act, 28 U.S.C. § 1651, seeking review of his sentence in light of <u>United States v. Booker</u>, 543 U.S. 220 (2005).  He acknowledges both that this is his third collateral challenge to his conviction and sentence and that <u>Teague v. Lane</u>, 489 U.S. 288 (1989) precludes consideration of <u>Booker</u> retroactively.  Encarnacion asserts that his "Writ of Error Audita Querela" permits him to avoid the limitation of <u>Teague</u>.

    Encarnacion is mistaken.  "Any motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255 ¶ 1, is a motion under § 2255, no matter what title the prisoner plasters on the cover."  <u>United States v. Lloyd</u>, 398 F.3d 978, 979-80 (7th Cir. 2005).  Section 2255 provides the means for a prisoner to bring a claim that his "sentence was imposed in violation of the Constitution or laws of the United States, . . . or that the sentence was in excess of

the maximum authorized by law, or is otherwise subject to collateral attack . . . ."  Because Encarnacion asserts that his sentence was imposed in violation of the Constitution, under Booker, his action is one for a writ of habeas corpus.  See Lloyd, 398 F.3d at 980 ("Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get-Out-of-Jail Card; the name makes no difference.").  If his writ were construed as seeking relief under § 2255, it would be dismissed as a second or successive petition.  See Munoz v. United States, 331 F.3d 151, 152-53 (1st Cir. 2003); see also United States v. Holt, 417 F.3d 1172, 1175 (11th Cir. 2005).


Conclusion

For the foregoing reasons, the plaintiff's "Writ of Error Audita Querela" is dismissed with prejudice.

SO ORDERED.


_____
Joseph A. DiClerico, Jr.
United States District Judge


January 6, 2006

cc:  Emilio Encarnacion, pro se

2